**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLINE S. MAZZONE, | Civil Action No. 05-2267 |
| Plaintiff, | |
| v. | **OPINION** |
| GRANT WILFLEY CASTING, et al., | April 17, 2008 |
| Defendants. | |

**WIGENTON,** District Judge

Before the Court is Defendant, Extra Extra Casting, Inc.'s ("Defendant"), motion for sanctions[1] filed against Plaintiff, Caroline S. Mazzone ("Plaintiff"), and/or her counsel, Killian & Salisbury, P.C. ("Counsel"), pursuant to 28 U.S.C. § 1927 and N.J. S. A. 2A:15-59.1. The Court, having considered the parties' submissions and having decided the motions without oral argument pursuant to Fed. R. of Civ. P. 78, and for the reasons set forth below, **DENIES** Defendant's motion.

**I. JURISDICTION AND VENUE**

The Court has federal question jurisdiction over Defendant's federal claim pursuant to 28 U.S.C. § 1332 and pendent jurisdiction over its state claim pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(a).

**II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a background actress or "extra" who previously brought multiple claims for

---

[1] This motion corresponds to docket entry 120.

1

relief against several parties and casting agencies in the underlying matter, including Defendant. (Pl.'s Br. at 1 ; Def.'s Br. at 1.) Plaintiff alleged that she had to give bribes or gifts to Grant Wilfley Casting Agency employees in order to receive work as an "extra." (Pl.'s Br. at 2.) Plaintiff asserted that her employment opportunities diminished once she stopped giving bribes and gifts to Grant Wilfley Casting Agency employees. (*Id.* at 3.) After three years of actively litigating this matter, Defendant's Summary Judgment motion was granted by the Court. (Def.'s Br. at 2.) Defendant now seeks to recover all legal fees and costs incurred in defending the action. (*Id.* at 5.)

Plaintiff maintains that it was reasonable and necessary to include Defendant in her lawsuit because:

> 1) [she] was the third-party beneficiary of a contract between [Screen Actors Guild] SAG and two production companies- Warner Brothers Entertainment and NBC Universal; 2) that the production companies violated that contract by (among other things) permitting their 'agent' Grant Wilfley Casting to demand gifts from actors in exchange for work and 3) that Extra was an 'agent' of the production companies, and that it was therefore liable for the acts complained of in the Complaint.

(*Id.* at 1.) Defendant counter contends that Plaintiff's belief was flawed because she never had an employment relationship with their agency. (Pl.'s Br. at 5-6.) Defense counsel also repeatedly sent correspondence to Counsel asking to be released from the lawsuit, and advising of the impending filing of the instant motion should Counsel refused to do so. (*Id.* at 5-6.)

## III. LEGAL STANDARD

The Federal Cost Statute, 28 U.S.C. § 1927, states, in pertinent part:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fee reasonably incurred because of such conduct.

28 U.S.C. § 1927. In order for a litigant to state a claim under § 1927, the following elements

2

must be satisfied, "1) the attorney has multiplied proceedings; 2) in an unreasonable and vexatious manner; 3) thereby increasing the cost of the proceedings; and 4) doing so in bad faith or by intentional misconduct." *Prudential Insurance v. America Sales Practice*, 278 F.3d 175, 188 (3d Cir. 2002). Section 1927 only applies to attorneys, and not litigants, and thus, Defendant's application for fees against Counsel is *prima facie* improper as a matter of law. Courts apply § 1927 only upon a finding that the attorney's actions or conduct demonstrate willful bad faith. *Baker Indust. v. Cereberus Ltd*, 764 F.2d 204, 208 (3d Cir. 1985); *Alphonso v. Pitney Bowes*, 356 F.Supp. 2d 442, 452 (D.N.J. 2005). Willful bad faith is demonstrated by "findings that the claims advanced were meritless (sic), that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Prudential Insurance v. America Sales Practice*, 278 F.3d at 188 (*quoting Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987).

The attorney's "conduct must be of an egregious nature, stamped by bad faith that is violative (sic) of recognized standards in the conduct of litigation." *Hackman v. Valley Fair*, 932 F.2d 239, 242 (3d Cir. 1991). However, "courts should exercise [sanctions] only in instances of a serious and studied disregard for the orderly process of justice." *Ford v. Temple Hospital*, 790 F.2d. 342, 346-47 (3d Cir. 1986). Third Circuit decisions have consistently held that the bad faith requirement is a necessary predicate under §1927, although it is not explicitly stated in the statute. *Baker Indust.*, 764 F.2d at 208.

Courts are reluctant to apply the Federal Cost Statute even subsequent to a finding of bad faith because of countervailing considerations. One consideration is to preserve the "American Rule," which is the principle "that each party to a lawsuit bears its own attorney's fees." *Ford*, 790 F.2d. at 346. The "American Rule" is a cornerstone of American Legal Jurisprudence as it

3

gives all economic classes of society the opportunity to litigate. *Id.* Another consideration is the attorney's ethical duty to be a zealous advocate for his client. *Alphonso,* 356 F.Supp.2d at 452. The bad faith requirement is a clear indicator to the courts that "the power to impose sanctions should be exercised with restraint, lest the prospect chill the ardor of proper and forceful advocacy on behalf of the client." *Alphonso,* 356 F.Supp.2d at 452 (quoting *Williams v. Giant Eagle Markets,* 883 F.2d 1184, 1194 (3d Cir. 1989)) (internal quotations and citations omitted); *Baker Indust,* 764 F.2d at 208.

The New Jersey Frivolous Claims Statute, N.J. S. A. 2A:15-59.1 ("Statute"), regulating frivolous causes of action, is interpreted and applied in a similar manner as the Federal Cost Statute in this district. The Statute states, in pertinent part:

> a party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.

N.J. S. A. 2A:15-59.1 (a)(1). The Statute sets forth the type of legal claim that is considered to be frivolous as follows:

> "1) [t]he complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
> 2) [t]he nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

N.J. S. A. 2A:15-59.1 (b). A litigant like Defendant may pursue a state law remedy for the filing of a frivolous claim in a federal court. *U.S. v. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 393 (3d Cir. 2002). The Statute vests discretionary authority in our courts regarding the proper entry of sanctions. The Statute seeks to identify those legal claims which do not have a reasonable

4

legal basis. *Rosenblum v. Miele Sanitation Co.*, 285 N.J. Super 230, 239 (Law Div. 1995). Consequently, a claim will be deemed frivolous "when no rational argument can be advanced in its support, when it is not supported by any credible evidence, when a reasonable person could not have expected its success, or when it is completely untenable." *Belfer v. Merling*, 322 N.J. Super. 124, 144 (Law Div. 1999)(*citing Fagas v. Scott*, 251 N.J. Super. 169, 189 (Law Div. 1991)(citations omitted)). "When the plaintiff's conduct bespeaks an honest attempt to press a percieved, though ill-founded and perhaps misguided claim, he or she should not be found to have acted in bad faith." *Id.* at 144-45. Unlike § 1927, the Statute differs in that it applies to both litigants and counsel, and the Court need not find "bad faith" in order to apply it.

Similar to the policy underpinnings of § 1927, the Statute reflects the rejection of the English rule for the American rule. *McKeown -Brand v. Trump Castle Hotel & Casino*, 132 N.J. 546, 554 (1993)(quotations omitted); *First Atlantic Federal Credit Union v. Perez*, 391 N.J. Super 419, 425 ( Law Div. 2007)(stating that "New Jersey strictly adheres to the 'American rule' in regards to attorney's fees"). In the English legal tradition, attorney's fees and costs shift "from the successful to the unsuccessful litigant." *Id.* New Jersey Courts award counsel fees based upon a "restrictive interpretation" of this statute. *Id.* Our courts have dictated that the Statute, "should not be allowed to be a counterbalance to the general rule that each litigant bears his or her own litigation costs, even when there is litigation of 'marginal merit.'" *Id.* Courts will not apply the Statute even in cases where "some of the allegations made at the outset of litigation [are] later proved to be unfounded" as the parties can not satisfy the bad faith requirement if there may have had a reasonable basis for their legal claims. *First Atlantic*, 391 N.J. Super. at 432; (*citing Iannone v. McHale*, N.J. Super. 17, 32 ( Law Div. 1990)). It is on the foregoing standards of review that the Court adjudicates Defendant's sanction application.

## IV. DISCUSSION

Defendant alleges entitlement to § 1927 sanctions because Counsel should have known or been aware that Plaintiff's claims against Defendant lacked sufficient legal basis. (Def.'s Mot. at 7.) Defendant points to its counsel's declarations as evidence that Counsel was on notice from the outset that Plaintiff did not have a reasonable basis upon which to assert her claims. (Def.'s Mot. at 7.) Defendant contends that Plaintiff's deposition testimony shows that Plaintiff was unaware of an "agency relationship between Extra and either of the production companies sued in the case." (Def.'s Mot. at 7.) Moreover, Defendant has never shared offices with co-defendant Hungry Man Productions as alleged by Plaintiff. (Def.'s Mot. at 7.) Defendant also points to Plaintiff's deposition testimony to demonstrate that she: "1) never had any knowledge of any receipt by Extra of any communication from her; and 2) never properly registered with Extra." (Def.'s Mot. at 8.) Consequently, Defendant maintains that it should have been apparent to Counsel that his client's claim against Defendant was patently frivolous. (Def.'s Mot. at 11.)

Counsel contends that Defendant is not entitled to § 1927 sanctions as Plaintiff's claims were filed in good faith and with reasonable legal basis. (Pl.'s Memo. in Opp'n. at 8.) The crux of Counsel's counter argument is that Defendant and its counsel, "failed and refused to produce any sworn testimony or other admissible evidence to support the claim that (a) the company had never received the resumes and head shots [Plaintiff] mailed to it; and (b) it had never heard of [Plaintiff] before this lawsuit was filed." (Pl.'s Memo. in Opp'n at 11.) As a result, Counsel relied on Plaintiff, who believed that she mailed her resume and head shots to Defendant, spoke to Defendant about being placed in employment rotation and was not placed in such rotation. (Pl.'s Memo. in Opp'n at 12-13.) Counsel additionally points out that defense counsel's unsworn statements were legally insufficient for Plaintiff to rely upon in order to withdraw her legal

6

claims against Defendant. (Pl.'s Memo. in Opp'n at 13-14.) Counsel further asserts that Plaintiff only discovered that co-defendants Ross Ryman and Reba Massey did not work for Defendant after they gave their deposition testimony. (Pl.'s Memo. in Opp'n at 14.)

Counsel maintains that sufficient "evidence" existed at the outset of the case of an agency relationship between Defendant and the production companies listed in the complaint so as to validate and substantiate Plaintiff's claims. (Pl.'s Memo. in Opp'n at 14-15.) Counsel points to the testimony of Screen Actors Guild witnesses and background actor Joseph O'Keefe to suggest that first assistant directors (who are employees of production companies) "ha[ve] a lot of pull in the show." (Pl.'s Memo. in Opp'n at 14-15.) In reliance, Counsel contends that he proceeded with Plaintiff's claim against Defendant in good faith as Defendant did not provide a sworn statement refuting its lack of relationship with Plaintiff until Defendant's Summary Judgment filing, though Counsel had requested such evidence from Defendant for many preceding months. (Pl.'s Memo. in Opp'n at 17.)

Defendant has failed to demonstrate that Counsel unreasonably and vexatiously multiplied the proceedings in bad faith or unwarrantedly increased its costs. *Prudential*, 278 F.3d at 188. Defendant argues that Plaintiff's deposition testimony reveals there was no legal basis for Plaintiff's claim. (Def.'s Mot. at 7.) However, to prevail under § 1927, Defendant must establish that Counsel's conduct demonstrated willful bad faith. *Baker Indust.*, 764 F.2d at 208. Willful bad faith occurs when Counsel knew or should have known that the Plaintiff's motives "for filing the suit was for an improper purpose such as harassment." *Prudential*, 278 F.3d at 188. In the instant matter, Plaintiff's claim against Defendant was brought in good faith and on a reasonable legal basis. Furthermore, Plaintiff provided witnesses attesting to the agency relationship between the production companies and Defendant. (Pl.'s Memo. in Opp'n at 14-15.)

7

In *Hackman,* the Third Circuit held that counsel's conduct does not constitute bad faith, "despite the unlikelihood of success," and that in order to impose sanctions, an attorney's "conduct must be of an egregious nature." *Hackman*, 932 F.2d at 240, 242. In this case, as in *Hackman*, although Defendant's summary judgment motion was granted, it is not an indication that Counsel engaged in willful bad faith or proceeded with Plaintiff's claim on an improper basis. "[C]ourts should exercise [sanctions] only in instances of a serious and studied disregard for the orderly process of justice." *Ford*, 790 F.2d at 346-47. Courts want to encourage attorneys to be zealous advocates for their clients. *Baker Indust.,* 764 F.2d at 208. As Defendant has not proven the requisite elements of §1927, its sanctions application is denied with prejudice.

Defendant alternatively claims entitlement to N.J. S. A. 2A:15-59.1 sanctions on the same set of facts. For the same reasons the Court cannot find in Defendant's favor under §1927, Defendant's sanctions application is denied with prejudice as Defendant has failed to show that Plaintiff's claim was commenced or continued in bad faith, vexatiously, or in a frivolous manner solely for the purposes of harassment, delay or malicious injury, or that Plaintiff or Counsel knew or should have known that their claim could not be supported by a good faith argument and was not reasonably based in law or equity. N.J. S. A. 2A:15-59.1 (b). Defendant is further remiss in failing to differentiate Plaintiff's claim as being frivolous as opposed to being non-meritorious - specifically, Defendant must demonstrate that Plaintiff's claim not only lacked legal merit, but that it was patently frivolous and unsustainable under any set of facts as a matter of law.

## V. CONCLUSION

Based upon the foregoing, and in accordance with 28 U.S.C. § 1927 and N.J. S. A. 2A:15-59.1, Defendant's motion for sanctions is hereby **DENIED** with prejudice.

**SO ORDERED.**

s/Susan D. Wigenton U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.